LEON N. WEINER & ASSOCIATES, INC., Plaintiff Below, Appellant,

v.

Earl D. KRAPF and Donald T. Ziesel, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Nov. 14, 1990.
Decided: Jan. 17, 1991.
Rehearing Denied Feb. 13, 1991.

Kevin Gross of Morris, Rosenthal, Monhait & Gross, P.A., Wilmington (Harold R. Berk & Associates, P.C., of counsel), Philadelphia, for appellant.

John H. Benge, Jr. of Allmond, Eastburn & Benge, Wilmington, for appellees.

Before CHRISTIE, C.J., HORSEY and WALSH, JJ.

HORSEY, Justice:

In this appeal from a final judgment of the Court of Chancery, we are asked to review both the merits of the judgment and an interlocutory order entered two years earlier denying plaintiff's timely request for defendant class certification. Because we find the trial court to have erred in denying plaintiff's application for defendant class certification, we must reverse the court's interlocutory order dated January 19, 1988. We must also vacate the court's decision on the merits and final order dated April 5, 1990; and we remand the case for rehearing on the merits following compliance with Court of Chancery Rule 23.

I

This is a suit for declaratory judgment and for injunctive relief, following a request for defendant class certification. Plaintiff, Leon N. Weiner & Associates, Inc. ("Weiner"), appeals both the trial court's preliminary order denying plaintiff Weiner's motion for defendant class certification and the court's final judgment, granting declaratory relief favorable to Earl D. Krapf and Donald T. Ziesel, the party defendants who opposed class certification. The crux of the dispute is whether deed restrictions individually imposed by a common grantor over time upon each of the lots of a residential housing development apply by implication to plaintiff Weiner's adjacent unsubdivided parcel notwithstanding the grantor's failure to include such deed restrictions in that parcel's conveyance.

Since 1967 plaintiff Weiner has been the owner of a 2.15 acre undeveloped parcel of land known as the "Quarry Parcel," the development of which is the object of plaintiff's suit. The Quarry Parcel lies within the boundaries of a 1942 recorded plot plan of Section C of a residential subdivision in Brandywine Hundred, New Castle County, Delaware, known as North Hills. North Hills is a planned, and now mature, residential community comprising three sections, A, B and C, each of which is sub-divided into plotted streets and lots, numbering 203 in the aggregate. While Section C consists of 34 numbered lots, it also contains two unnumbered parcels, each of .4 acre, and the Quarry Parcel. On the 1942 recorded plan of Section C of North Hills, neither the Quarry Parcel, then an operating quarry, nor the two unnumbered parcels is subdivided into streets and lots. In contrast, the balance of Section C and all of

Sections A and B are, as noted, subdivided into lots with plotted streets.

Defendant Earl D. Krapf is the owner of *one* of the residential parcels or numbered lots of Section C of North Hills. Defendant Donald T. Ziesel, the owner of another numbered lot of Section C, was later added as a defendant. Plaintiff Weiner originally brought suit against defendant Krapf individually and as representative of a proposed class of defendants consisting of all the owners of the 203 residential parcels comprising North Hills, Sections A, B and C.

There is no "blanket" declaration of restrictions of record as to North Hills, Sections A, B or C. However, each of the out conveyances from the original developer of North Hills for the numbered lots in North Hills, Sections A, B and C, expressly contains, or incorporates by reference, numerous covenants and restrictions (hereafter referred to as "the numbered lot restrictions"). Included in every deed to the 203 numbered lots is a restriction on "use of land", which states:

> The land in the entire North Hills tract shall be used for residence purposes only and no building of any kind whatsoever shall be erected or maintained thereon except private, single or semi-detached dwelling houses and private garages for the sole use of the respective owners or occupants of the plots upon which such are erected.

Within Section C, the original developer of North Hills transferred title to 31 of the 34 numbered lots of Section C and to the two unnumbered parcels with the numbered lot use restrictions. Thereafter, in 1963, the developer deeded the Quarry Parcel to plaintiff Weiner's predecessor in title without the numbered lot restrictions and subject only to the following use restriction:

> SUBJECT also to the restriction and covenant running with the land that none of said tract will be used or maintained for any quarrying operations and said land shall be limited strictly to residential uses and purposes.

Plaintiff Weiner seeks a declaratory judgment that the Quarry Parcel is subject only to the deed restriction contained within its chain of title and that such parcel is not subject to the numbered lot restrictions binding the remaining lands comprising Sections A, B and C of North Hills. Plaintiff also seeks to enjoin the enforcement against the Quarry Parcel of the numbered lot restrictions by either defendant Krapf *or* any members of a proposed defendant class consisting of all the owners of each of the 203 numbered parcels of real estate in Sections A, B and C of North Hills.

Defendant Krapf opposed plaintiff's complaint for declaratory judgment and injunctive relief on the merits and defendant's motion for class action certification. However, in the event defendant class certification were granted, defendant sought a counter or affirmative declaratory judgment ruling that the restrictive covenants binding *all* of the subdivided lots of North Hills, Sections A, B and C, applied by implication to bar plaintiff Weiner's proposed multi-family development of the Quarry Parcel.

Following the parties' entry into a stipulation of uncontested facts, plaintiff Weiner moved the court under Chancery Rule 23 for certification as the defendant class of all owners of the 203 subdivided residential lots of North Hills and that defendant Krapf be designated as the defendant class representative. The trial court, after briefing and argument, denied plaintiff Weiner's motion for defendant class certification (by unreported order dated January 19, 1988) and ultimately determined the merits of plaintiff Weiner's claim *and* defendants' counter-application. By unreported letter opinion dated February 26, 1990, the court ruled that the Quarry Parcel was subject to the deed restrictions binding Krapf's lots as well as the remaining individually numbered lots of North Hills. The court then granted defendant Krapf's application for declaratory relief and denied plaintiff Weiner's application. Following entry of a final order on April 5, 1990, plaintiff Weiner docketed this appeal.

## II

We turn to the court's interlocutory order denying defendant class action certification and designation of defendant Krapf to represent the owners of the 203 parcels within Sections A, B and C of the North Hills subdivision. Rule 23(a) provides:

(a) **Requisites to Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In finding the action not to meet the requirements for class certification, the court focused almost exclusively on Rule 23(a)'s fourth requisite, whether the designated defendant would "fairly and adequately protect the interests of the class." The court found compelling defendant Krapf's objection to being singled out as the designated defendant to represent the 203 lot owners because of the financial costs attendant to class action certification. The court found plaintiff Weiner not to have met its burden of showing that Krapf would be the proper representative of the proposed defendant class. The court stated:

Weiner has failed to show any reason that the Krapfs should be made to initially bear the costs of this litigation, including the considerable costs of giving adequate notice to each member of the class, or that they have the ability to do so. In effect, Weiner has selected one neighbor to represent the property interests of 203 lot owners, many of whom will likely have different interests and views. The effect of Weiner's motion is to place the costs of notice, discovery and litigation on the shoulders of the Krapfs.

\*     \*     \*     \*     \*     \*

Moreover, there is nothing to suggest that the Krapfs have the approval of the lot owners to act on their behalf.

The court did not determine whether the action otherwise satisfied the first three prerequisites of Rule 23(a). The court simply noted that there was a "substantial question" whether the first prerequisite ("the class is so numerous that joinder of all members is impracticable") could be met, "considering the ready availability [to plaintiff] of the addresses of the lot owners and the property interests involved." However, the court indicated willingness to reconsider class certification, at a later stage in the litigation, upon a showing that the interests of the class members would be properly represented and the due process rights of the lot owners fully protected.

Our standard of review of a Court of Chancery determination of an action's qualification for class action certification under Rule 23 is whether the court erred as a matter of law in its consideration of legal precepts involving subject matter jurisdiction.[1] In this respect, our scope of review is *de novo*. Assuming a correct formulation by the trial court of the legal precepts underlying Rule 23, our standard of review of the court's findings of fact, in application of those precepts to its ultimate determination, is whether they are supported by the record and the product of an orderly and logical deductive process. *See Nottingham Partners v. Dana*, Del.Supr., 564 A.2d 1089, 1102 (1989); *Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del.Supr., 445 A.2d 927, 930 (1982); *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671, 673 (1972).

In *Nottingham*, this Court recently reviewed the purposes of class action litigation, the parameters for permitting such litigation under Rule 23, and the required analysis. We stated:

A class action is essentially a procedural device designed so that mere numbers may not impede large groups of individu-

---

1. The subject matter is jurisdictional, notwithstanding that Rule 23 does not enlarge the Court of Chancery's subject matter jurisdiction. *Nottingham Partners v. Dana*, Del.Supr., 564 A.2d 1089, 1094 n. 4 (1989), quoting *Delaware Bankers Ass'n v. Div. of Revenue of the Dep't of Fin.*, Del.Ch., 298 A.2d 352, 357 (1972).

als from either enforcing their rights or jointly defending against alleged wrongs on their part. Chancery Court Rule 23 is almost identical to Rule 23 of the Federal Rules of Civil Procedure. Accordingly, in construing Chancery Court Rule 23, we find persuasive authority in the Advisory Committee's Note on the federal rule and the interpretation of that rule by the federal courts. *See Hoffman v. Cohen,* Del.Supr., 538 A.2d 1096, 1097–98 (1988).

*Nottingham,* 564 A.2d at 1094. We further stated that a motion for class certification involves a "two-step analysis." The first step, a prerequisite for class action certification, is that the action satisfy each of the four requisites of Rule 23(a), set forth above. The second step, not reached by the court below, requires determining whether the class action falls into one of three categories delineated in Rule 23(b), discussed below. *Id.* at 1094–95. In this case, plaintiff Weiner contends that the trial court erred as a matter of law, in the first step, in failing to find the action to satisfy all four of the prerequisites of subsection (a) of Rule 23. While Rule 23(a) clearly authorizes a plaintiff to seek class action certification as to a defendant, the incidence is less common than that of a plaintiff seeking certification to sue on behalf of a class of plaintiffs. In the case of defendant class certification, close scrutiny is given the fourth prerequisite, that the named defendant adversary will "fairly and adequately protect the interests of the class," largely because of the "risk that plaintiff will seek out weak adversaries to represent the class." 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure:* Civil 2d § 1770 at 398 (1986) (citing *National Ass'n for Mental Health, Inc. v. Califano,* 717 F.2d 1451 (D.C.Cir. 1983), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984)).

█ As in all class suits, the burden is upon plaintiff to persuade the court that the named representatives will protect the interests of the class, in this case, the proposed defendant class of 203 lot owners of North Hills. *Stewart v. Winter,* 87 F.R.D. 760, 768 (N.D.Miss.1980), *aff'd,* 669 F.2d

328 (5th Cir.1982); 7A WRIGHT & MILLER § 1770 at 401. Of particular concern to defendant class certification is: the quality of the representation of the designated defendant; that the representation is conflict-free; and that the class representative has a personal interest in mounting a vigorous defense. *See* 7A Wright & Miller § 1770 (collecting cases). However, mere reluctance of the designated defendant to serve as a class representative is not a basis for rejecting class action certification if the reluctance relates primarily to burden-sharing and not to a lack of commitment to oppose the asserted claims for relief.

### A.

We find the trial court to have committed legal error in premising its rejection of plaintiff's motion for defendant class certification predominantly on financial considerations, in particular the cost of compliance with the notice requirements of Rule 23, rather than due process concerns. Federal law is instructive in applying Chancery Court Rule 23. *See Nottingham,* 564 A.2d at 1094. Under Rule 23 of the Federal Rules of Civil Procedure, federal decisional law is clear that, in any class certification, the moving plaintiff "must initially bear the cost of notice to the class." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732, 749 (1974). Where an adversarial relationship exists between parties, "the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit." *Id.* at 179, 94 S.Ct. at 2153, 40 L.Ed.2d at 749.

█ Federal practice on cost bearing has equal application to Court of Chancery Rule 23. As plaintiff concedes, plaintiff's motion for defendant class certification should not shift to the named defendants the court costs incidental to the class action certification. Since the costs of class certification, including notice, should be borne by plaintiff, defendants' concerns over being assessed such costs are groundless.

In an application of the fourth prerequisite of Rule 23(a), the predominant considerations are due process related: (i) that there be no conflict between the named party and the other class members; and (ii) that the named party may be expected to vigorously defend not only themselves but the proposed class. On the record before us, there can be no serious due process concerns. First, we can perceive of no substantial conflict between the named defendants and the proposed class. The claims and defenses of the named defendants, which derive from the deed restrictions to their lots, are not simply similar but are identical to those of the other proposed class members. Second, we find no basis to conclude that plaintiff has singled out a weak and compliant adversary who will not fight fiercely on behalf of the class. Since 1977, Krapf has actively and persistently opposed plaintiff's efforts to develop the Quarry Parcel for multi-family development. Third, counsel for the named defendants are clearly effective and capable advocates for the class as well as the named defendants. Krapf's opposition to class certification will not change this conclusion. *Research Corp. v. Pfister Associated Growers, Inc.*, 301 F.Supp. 497, 499 (N.D.Ill.1969) ("[t]his court weighs the defendants' protestations that they do not 'desire' to represent the entire class, but this is hardly enough to overcome the overwhelming evidence of their ability and intention to challenge the plaintiff's assertions ...").

Addressing the three remaining prerequisites of Rule 23, we conclude that the action fully satisfies the "first step" for class certification. Prerequisites (1) and (2) focus on the characteristics of the proposed class, while prerequisites (3) and (4) focus on the characteristics of the named party as the proposed class representative. We find the proposed class of 203 lot owners to qualify as a class "so numerous that joinder of all members is impracticable." The test is not impossibility of joinder, but practicality. *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981). "A showing of strong litigational inconvenience in the prosecution of claims separately or jointly by the proposed class members is sufficient." *Esler v. Northrop Corp.*, 86 F.R.D. 20, 34 (W.D.Mo.1979). Numbers in the proposed class in excess of forty, and particularly in excess of one hundred, have sustained the numerosity requirement. 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.05[1] at 23–144, 23–145 (2d ed. 1990); *In re Itel Securities Litigation*, 89 F.R.D. 104, 111 (N.D.Cal.1981). The proposed defendant class of 203 lot owners establishes "litigational inconvenience" sufficient to satisfy Rule 23(a)(1). *Esler*, 86 F.R.D. at 34.

We also find Rule 23(a)(2)'s command of commonality to be satisfied. This requirement will be met "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Gordon v. Forsyth County Hospital Authority, Inc.*, 409 F.Supp. 708, 717–718 (M.D.N.C.1976), *aff'd in part, vacated in part*, 544 F.2d 748 (4th Cir.1976). The fact that the 203 lot owners may have "different interests and views," as the trial court found, does not defeat commonality. This is not a case of significant factual diversity among the individual lot owners or class members; nor is it a case of common legal questions dependent on divergent facts. 3B *Moore's Federal Practice* ¶ 23.06-1 at 23–164, 23–165. The case poses one legal issue common to all lot owners and the relevant facts also appear by stipulation to be undisputed and common to all lot owners. The deed restrictions relied upon by Krapf and Ziesel appear to be uniform in nature and applicable to the entire class, thus satisfying the requirements of Rule 23(a)(2).

Finally, the claims and defenses of Krapf and Ziesel appear to be typical of the proposed class and thus satisfy the requirements of Rule 23(a)(3). The test of typicality is that "the legal and factual position of the class representative must not be markedly different from that of the members of the class." *Singer v. The Magnavox Co.*, Del.Ch., *C.A. No. 4929, Brown, V.C., 1978*

WL 4651 (Dec. 14, 1978). Subsection (3) focuses on whether the class representative claim (or defense) fairly presents the issues on behalf of the represented class. *Zeffiro v. First Pa. Banking & Trust Co.,* 96 F.R.D. 567, 569 (E.D.Pa.1983). A representative's claim or defense will suffice if it "arises from the same event or course of conduct that gives rise to the claims [or defenses] of other class members and is based on the same legal theory." *Id.* at 569. In this case, the claims and defenses of the named representative appear to be identical to those of the other lot owners.

### B.

We turn to Rule 23(b) and the "second step" for class action certification.[2] *Nottingham,* 564 A.2d at 1094–95. Class suits are not necessarily mutually exclusive; an action may be certified under more than one subdivision of Rule 23(b) in appropriate circumstances. 3B *Moore's Federal Practice* ¶ 23.31[2] at 23–235; *Pennsylvania v. Lynn,* 362 F.Supp. 1363, 1367 (D.D.C.1973), *rev'd on other grounds,* 501 F.2d 848 (D.C. Cir.1974).

Class actions are appropriate for certification under Rule 23(b)(1)(A) when a determination of the rights of all parties is necessary to avoid inconsistent or varying adjudications. *See* 3B *Moore's Federal Practice* ¶ 23.35[1] at 23–242. Under Rule 23(b)(1)(A), the "class action device can be used effectively to obviate the actual or virtual dilemma which would thus confront the party opposing the class." Rules Advisory Committee Notes to 1966 Amendments to F.R.C.P., 39 F.R.D. 69, 100 (1966). As an illustration of an action certifiable under Rule 23(b)(1)(A); the Advisory Committee cited an illustration involving landowners:

> [I]ndividual litigations of the rights and duties of riparian owners, or of landowners' rights and duties respecting a claimed nuisance, could create a possibility of incompatible adjudications. Actions by or against a class provide a ready and fair means of achieving unitary adjudication.

39 F.R.D. at 100. The specter of plaintiff bringing individual actions against 203 lot owners, possibly obtaining inconsistent results, falls precisely within the framework of "unitary adjudication" established by the Federal Rules to avoid inconsistent results. Applying pertinent authority to the facts of this case, we conclude that certification of the class action is appropriate under 23(b)(1)(A).

We now turn to the propriety of class certification under Rule 23(b)(2), which allows a class action where the party opposing the class [i.e., plaintiff] has acted "on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(2). In the instant case, plain-

---

**2.** Chancery Court Rule 23(b) provides:

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of paragraph (a) are satisfied, and in addition:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of:

(A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matter pertinent to the findings include:

(A) The interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(D) The difficulties likely to be encountered in the management of a class action.

tiff's proposal to construct a multi-family building on land which defendants claim is restricted to single family use is action "generally applicable to the class." Further, plaintiff seeks declaratory relief against the class as a whole. Whether the legal issue is ultimately resolved in favor of plaintiff or the defendants, it is clear that plaintiff's rights must be determined against the class as a whole so that the parties may obtain a resolution of the conflict that eliminates uncertainty. *See United States v. Rainbow Family*, 695 F.Supp. 294, 320 (E.D.Tex.1988) (certification of a defendant class under Rule 23(b)(2) appropriate "where the uniform conduct of multiple defendants is challenged and solely injunctive relief is requested").

We conclude that this is a proper class action as to defendants, maintainable under Rule 23(b)(1)(A) and 23(b)(2). Any undue problems the representative party may have in meeting the responsibilities of class litigation can be addressed through an appropriate court order. *See* Chancery Court Rule 23(d) ("In the conduct of actions to which this rule applies, the Court may make appropriate orders...."). In entering such orders, the trial court will be limited only by the "use of sound judicial discretion." 3B *Moore's Federal Practice* ¶ 23.73 at 23–466.

\* \* \*

Reversed and Remanded with directions to vacate the judgment below.