# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE EBIX, INC. | ) | CONSOLIDATED |
| STOCKHOLDER LITIGATION | ) | C.A. No. 8526-VCS |

## ORDER GRANTING CLASS CERTIFICATION AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL

**WHEREAS:**

A.    On October 31, 2016, plaintiffs, Gilbert C. Spagnola ("Spagnola") and Desert States Employers & UFCW Union Pension Plan ("Desert States," and together with Spagnola, the "Initial Plaintiffs"), filed a Motion for Class Certification (the "Motion") in the above-referenced action;

B.    On October 13, 2017, defendants, Hans U. Benz, Pavan Bhalla, Neil D. Eckert, Rolf Herter, and Hans U. Keller (together, the "Outside Directors"), filed a brief in opposition to the Motion;

C.    On October 17, 2017, defendants, Joseph R. Wright, Jr. and George W. Hebard III (the "Barington Defendants," and together with the Outside Directors and Robin Raina, the "Director Defendants"), filed their joinder in the Outside Directors' opposition to the Motion;

D.    On November 14, 2017, the Initial Plaintiffs filed their reply in further support of their Motion;

E.    On January 5, 2018, plaintiff, Amalgamated Bank, as Trustee for LongView SmallCap 600 Index Fund and LongView Broadmarket 300 Index Fund

("Amalgamated," and together with the Initial Plaintiffs, the "Plaintiffs"), filed a Motion for Permissive Joinder as Plaintiff, which was granted on April 2, 2018;

F.      By Order dated April 4, 2018, the Court directed the parties to submit supplemental briefing on the Motion;

G.      On May 2, 2018, Plaintiffs filed a supplemental brief in support of their Motion;

H.      On May 16, 2018, the Outside Directors filed a supplemental brief in opposition to the Motion;

I.      Defendants, Ebix, Inc. ("Ebix") and Robin Raina ("Raina"), do not oppose the Motion;

J.      On May 23, 2018, the Court heard oral argument on Plaintiffs' Motion;

K.      Plaintiffs, Spagnola, Desert States and Amalgamated[1] seek to be

---

[1] Amalgamated seeks designation as a co-lead plaintiff in the Verified Supplement to The Verified Fourth Amended and Supplemented Class Action and Derivative Complaint. D.I. 485. The Outside Directors point out that Amalgamated has not otherwise sought an order to be appointed as co-lead plaintiff. *See* Tr. of Hr'g May 23, 2018, 218:22–219:3 ("MR. SACCA: Amalgamated is in the case, Your Honor, although I do note that they have not sought appointment as a co-lead plaintiff yet. They said they were going to. They haven't. I don't know why they haven't. But I don't think they are a co-lead plaintiff."); *see also* Indep. Directors' Answering Br. in Opp'n to Plaintiffs' Supplemental Br. in Further Supp. of their Mot. for Class Certification 2 & n.4 ("Moreover, despite the Court re-opening class discovery to accommodate Amalgamated's late entry premised on representations that it would seek appointment as a co-lead plaintiff in this Action, Amalgamated has never done so."). Despite this confusion, I am satisfied that Plaintiffs' supplemental briefing on the Motion makes clear that Amalgamated is seeking to be appointed as co-lead plaintiff.

designated as class representatives;

L.     Defendants take no position on the proposed class counsel;

**NOW THEREFORE, IT IS HEREBY ORDERED**, this 17th day of July, 2018, as follows:

1.     Certification of a class under Court of Chancery Rule 23 is a two-step process, which requires that the purported class meet all four criteria within Court of Chancery Rule 23(a) and at least one of the criteria within Court of Chancery Rule 23(b).

## Rule 23(a)

2.     Under Rule 23(a), the plaintiff has the burden of demonstrating that the proposed class satisfies the following four requirements:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[2]

3.     The Court finds that each of the prerequisites of Rule 23(a) has been satisfied.

---

[2] *See* Ct. Ch. R. 23(a).

a)     As of February 26, 2018, Ebix had 31,487,526 outstanding shares of common stock held by 129 stockholders.[3]  This makes joinder of all members impracticable.[4]  Plaintiffs thus meet the numerosity requirement of Rule 23(a)(1).[5]

b)     The action involves common questions of law and fact, including (i) whether one or more of the Director Defendants breached their fiduciary duties in connection with various director and officer compensation initiatives; (ii) whether the 2010 Proxy Statement[6] was materially misleading; and (iii) whether the 2010 Plan and the SAR Agreement are invalid.  Because these legal questions are common to all class members, Plaintiffs meet the requirements of Rule 23(a)(2).[7]

---

[3] Ebix Form 10-K (Mar. 1, 2018) at 24, https://www.sec.gov/Archives/edgar/data/814549 /000081454918000008/ebix-2017x10k.htm.

[4] *See Marie Raymond Revocable Trust v. MAT Five LLC*, 980 A.2d 388, 400 (Del. Ch. 2008) ("There is no precise cutoff under the numerosity requirement, but 'numbers in the proposed class in excess of forty, and particularly in excess of one hundred, have sustained the numerosity requirement.'" (quoting *Smith v. Hercules, Inc.*, 2003 WL 1580603, at *4 (Del. Super. Ct. Jan. 31, 2003)).

[5] Defendants do not dispute that Plaintiffs have satisfied the numerosity requirement.  *See* Indep. Directors' Answering Br. in Opp'n to Pls.' Mot. for Class Certification.

[6] Capitalized terms have the meaning as defined in the Order Granting in Part and Denying in Part Motions for Summary Judgment.  D.I. 534.

[7] Defendants also do not dispute that Plaintiffs meet the commonality requirement. *See* Indep. Directors' Answering Br. in Opp'n to Pls.' Mot. for Class Certification.

c)      Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."[8]  "The test of typicality is that the legal and factual position of the class representative must not be markedly different from that of the members of the class."[9]  To meet the typicality requirement, the class representatives' claims should arise from the same event or course of conduct and advance the same legal theories as the other class members' claims.[10]  Plaintiffs' claims in this action rely on the same legal theories as those of the other class members—namely, the Director Defendants' breaches of fiduciary duties and conduct in violation of the DGCL—involving the same allegedly defective disclosures and compensation decisions/plans.  Should Plaintiffs put forth a money damages theory at trial that changes Plaintiffs' position in comparison to that of the other class members, the class could be divided into several sub classes at that time or, if necessary, be decertified.[11]  For now, I am satisfied that Plaintiffs meet the typicality requirement of Rule 23(a)(3).

---

[8] Ct. Ch. R. 23(a)(3).

[9] *Leon N. Weiner & Assocs., Inc. v. Krapf*, 584 A.2d 1220, 1225 (Del. 1991) (internal quotation omitted).

[10] *See id.* at 1226.

[11] *See Emerald P'rs v. Berlin*, 1991 WL 244230, at *4 (Del. Ch. Nov. 15, 1991) ("To the extent that plaintiff[s'] claims are not typical of the claims of stockholders who acquired their shares after the record date, that problem is better addressed by a possible subdivision of the class with a separate representative rather than a blanket denial of certification." (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d

d) Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class."[12] To meet this requirement, the class representative must retain competent, experienced counsel, have interests that are not antagonistic to the interests of the other class members and possess a basic understanding of the case.[13] To start, it is of no moment that Spagnola and Desert States together hold only 300 shares of Ebix common stock, with Spagnola holding 200 shares and Desert States holding 100 shares. This Court has repeatedly determined that holders of a similar number of shares (in relation to the total outstanding shares) are capable of vigorously prosecuting a case.[14] Defendants' allegation that Desert States sold a significant number of its shares after the initiation

---

§ 1790 (1986))); *Johnson v. GEICO Cas. Co.*, 310 F.R.D. 246, 254 (D. Del. 2015) (reevaluating "whether continued class certification as to both liability and damages is appropriate" after presentation of damages theory).

[12] Ct. Ch. R. 23(a)(4).

[13] *See In re TD Banknorth S'holders Litig.*, 2008 WL 2897102, at *2 (Del. Ch. July 29, 2008).

[14] *Van de Walle v. Salomon Bros., Inc.*, 1997 WL 633288, at *2 (Del Ch. Oct. 2, 1997) (finding that a shareholder plaintiff with only 100 shares and $388 in potential losses could adequately represent the class); *Glosser v. Cellcor, Inc.*, 1995 WL 106527, at *3 (Del. Ch. Mar. 10, 1995) (appointing as class representative a shareholder with 200 shares); *Joseph v. Shell Oil Co.*, 1985 WL 21125, at *3 (Del. Ch. Feb. 8, 1985) (holding that "[w]ith 100 shares at risk [plaintiff] ha[d] sufficient interest in the litigation to ensure that he w[ould] zealously protect the rights of [other members of the class]"); *Van De Walle v. Unimation, Inc.*, 1983 WL 8949, at *1, *6 (Del. Ch. Dec. 6, 1983) (designating plaintiff who held 15 shares as class representative even though his "method of acquiring his shares of stock may leave something to be desired").

6

of this litigation is similarly insufficient to defeat certification absent a showing that this conduct was somehow related to the litigation.[15]  No such showing has been made here.

e)     Plaintiffs are members of the class, have retained counsel experienced in litigation of this type, have demonstrated a sufficient understanding of the claims, facts and issues in this litigation,[16]  have fairly and adequately

---

[15] *See, e.g.*, *N.J. Carpenters Pension Fund v. InfoGROUP*, 2013 WL 610143, at *6 (Del. Ch. Jan. 17, 2013) (designating plaintiff who sold all but 100 shares following initiation of the litigation as class representative).

[16] I note that Defendants' principal objection with regard to adequacy focuses on Amalgamated and its purported lack of understanding of the claims it has asserted in this litigation.  Amalgamated's 30(b)(6) witness deposition testimony reveals that Amalgamated understands the gravamen of the claims it has asserted but does not, perhaps, appreciate the legal nuances of those claims.  *See, e.g.*, Transmittal Aff. of Veronica Bartholomew in Supp. of the Indep. Directors' Answering Br. in Opp'n to Pls.' Supplemental Br. in Further Supp. of their Mot. for Class Certification ("Bartholomew Aff."), Ex. 2 (Eleanor Innes Dep., D.I. 460) at 114:12–25 ("Q.  In your own words, can you describe the allegations in the complaint and the supplement to the complaint? . . . A.  So broadly, what we're looking to do is invalidate the ABA, to invalidate the bylaws, to fix the corporate structure of Ebix and to claw back any director -- excuse me, any executive compensation.  In addition . . . also declare the SAR agreement invalid, the stock appreciation rights."); *id.* at 115:2–12 ("Q.  One of the things you testified you were seeking to do is invalidate the ABA.  Are you aware that the ABA has been terminated? . . . THE WITNESS: With Exhibit A, with the SAR agreement, it is based on the ABA and it also says that the ABA is valid so there's still some question as to which is which from my perspective."); *id.* at 116 (explaining that while she had not read the SAR Agreement, she had read the supplement to the FAC and, thus, knew about the SAR Agreement related claims).  To be sure, this testimony illustrates that Amalgamated's 30(b)(6) did not fully grasp all aspects of the claims that are at issue in this litigation.  In this sense, I suppose one could reasonably conclude that Amalgamated is not the perfect class representative. But "perfection" is not the standard when evaluating whether a plaintiff "qualif[ies] as a class representative."  *N.J. Carpenters Pension Fund*, 2013 WL 610143, at *5; *see id.* ("Absent a conflict between the proposed class representative and members of the class, and absent incompetent or unable counsel, it would seem that an unusual set of facts is

7

protected and represented the interests of the class thus far and can reasonably be expected to continue to do so. Nothing indicates that Plaintiffs' interests conflict with those of the class.[17] Rule 23(a)(4)'s adequacy requirement is, therefore, satisfied.

## Rule 23(b)

4. A class may be certified only if, in addition to satisfying Rule 23(a), it fits into one of the three categories specified in Court of Chancery Rule 23(b). Plaintiffs request certification under both Rule 23(b)(1) and Rule 23(b)(2).

5. "Typically an action challenging the propriety of director action . . . is certified as a (b)(1) or (b)(2) class because plaintiff[s] seek[] equitable

---

required in order for the Court to deny a plaintiff the role of class representative. Such instances might occur when a proposed class representative knows practically nothing about the case or seemingly has no interest or involvement in the litigation.").

[17] Defendants allege, "Desert States is uniquely unqualified to serve as class representative because it has delegated the authority to settle this class action to a non-party, its investment manager, Wedge Capital," citing, in support, Desert State's Investment Management Agreement ¶ 9. Indep. Directors' Answering Br. in Opp'n to Pls.' Mot. for Class Certification 21. Paragraph nine of Desert State's Investment Management Agreement, however, gives Desert States' investment manager, at most, the authority to settle "class action securities litigation." Transmittal Aff. of Jessica R. Kunz in Supp. of the Indep. Directors' Answering Br. in Opp'n to Pls.' Mot. for Class Certification, Ex. E. (Investment Management Agreement) ¶ 9. This limited delegation, if it is a delegation, does not support a finding that Desert States has abdicated its authority with regard to this litigation. Defendants' remaining arguments with regard to adequacy pertain to claims that are no longer part of this action.

relief . . . , because all members of the stockholder class are situated precisely similarly with respect to every issue of liability . . . and because to litigate the matters separately would subject the defendant[s] to the risk of different standards of conduct with respect to the same action."[18]

6. Certification under Rule 23(b)(1) is appropriate if "prosecution of separate actions by or against individual members of the class would create a risk of: (A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."[19]

7. The proposed class, *in hoc sensor*, is properly certified under Rule 23(b)(1). The prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudications with respect to individual members of the class—for example, determinations with regard to whether Defendants breached their fiduciary duty by adopting the SAR Agreement

---

[18] *In re Mobile Commc'ns Corp. of Am., Inc., Consol. Litig.*, 1991 WL 1392, at *15 (Del. Ch. Jan. 7, 1991), *aff'd*, 608 A.2d 729 (Del. 1992).

[19] Ct. Ch. R. 23(b)(1)(A), (B); *see also Allen v. El Paso Pipeline GP Co., L.L.C.*, 2014 WL 2086371, at *2 (Del. Ch. May 19, 2014).

or making awards under the 2010 Plan. Differing and inconsistent determinations could establish incompatible standards of conduct for the Defendants. Additionally, adjudications with respect to individual members of the class, as a practical matter, would either be dispositive of the interests of the other members of the class who are not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

8. Certification pursuant to Rule 23(b)(2) is warranted where the action concerns the alleged breaches of fiduciary duty by corporate directors affecting the stockholder class as a whole and the particular facts pertaining to any individual class member will not have any bearing on the appropriate remedy.[20] Accordingly, certification under Rule 23(b)(2) is also appropriate here; the Defendants allegedly acted on grounds generally applicable to the class—among other things, by allegedly breaching their fiduciary duties to all Ebix stockholders—making final injunctive, declaratory, rescissory or other equitable relief with respect to the class as a whole appropriate.

9. Finally, contrary to Defendants' position, class certifications under Rules 23(b)(1) and (2) permit damages recoveries as long as adjudication is

---

[20] *See* Ct. Ch. R. 23(b)(2); *In re Resorts Int'l S'holders Litig.*, 570 A.2d 259, 269–70 (Del. 1990); *Nottingham P'rs v. Dana*, 564 A.2d 1089, 1096–97 (Del. 1989).

uniform[21] and the primary relief sought is equitable in nature.[22]  Plaintiffs seek, *inter alia*, rescission and cancellation of grants under several compensation plans.  To the extent Plaintiffs present a uniform damages theory, therefore, certification under both rules is appropriate.  Moreover, as previously noted, if any damages theory is not uniform, then Rule 23(c)(1) allows the Court to alter or amend class certification before it reaches its decision on the merits.

## The Class is Certified

10.    This action is hereby certified as a class action pursuant to Delaware Court of Chancery Rules 23(a) and 23(b)(1) and (2) without opt-out rights.  The Class shall consist of all holders of Ebix common stock and their successors in

---

[21] *See, e.g.*, *Sunrise P'rs Ltd. P'ship v. Rouse Props., Inc.*, 2016 WL 7188104, at *5 n.19 (Del. Ch. Dec. 8, 2016) ("[O]ur courts will certify a class as a non-opt-out class under Court of Chancery Rule 23(b)(1) even where the class is entitled to only monetary relief in cases where all members of the class are similarly situated with respect to issues of liability and damages and share identical incentives."); *Turner v. Bernstein*, 768 A.2d 24, 33–34 (Del. Ch. 2000) (finding class treatment appropriate under Rule 23(b)(1) given the "challenge to a single course of conduct by the defendants that affects the stockholder class equally in proportion to their ownership interest in the enterprise"); *see also Noerr v. Greenwood*, 2002 WL 31720734, at *6 (Del. Ch. Nov. 22, 2002) (finding that even though the plaintiff sought compensatory damages as a result of defendants' alleged breach of fiduciary duty, the action was more appropriately certified under Rule 23(b)(1) than under Rule 23(b)(3) because "any damages to which class members would be entitled would be based solely upon the number of shares that they own").

[22] *See In re Celera Corp. S'holder Litig.*, 59 A.3d 418, 433 (Del. 2012) ("A Rule 23(b)(2) class may seek monetary damages in addition to declaratory or injunctive relief, so long as the claim for equitable relief predomina[tes]." (citation omitted)); *Nottingham*, 564 A.2d at 1096–97 (affirming certification of a class under Rule 23(b)(2) that included a claim for monetary damages where the primary relief sought was equitable relief).

interest—excluding Defendants named in this lawsuit and any person, firm, trust, corporation or other entity related to or affiliated with any of the Defendants.

11.    Spagnola, Desert States and Amalgamated are hereby certified as Class Representatives.  Counsel representing the Class Representatives are hereby designated as follows:

> The law firms PRICKETT, JONES & ELLIOTT, P.A., 1310 N. King Street, Wilmington, Delaware 19801; and GRANT & EISENHOFER P.A., 123 Justison Street, Wilmington, Delaware 19801, are appointed Class Counsel.

*/s/ Joseph R. Slights III*
Vice Chancellor