COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 9, 2024

Theodore A. Kittila, Esquire
William E. Green, Jr., Esquire
Halloran Farkas + Kittila LLP
5722 Kennett Pike
Wilmington, Delaware 19807

Stephen C. Norman, Esquire
Jaclyn C. Levy, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

Brian Tuttle, pro se

Jordan Darga, pro se

RE:   *Travus Pope v. Hycroft Mining Holding Corporation*,
C.A. No. 2022-0957-LWW;

*Travus Pope v. Hycroft Mining Holding Corporation, et al.*
C.A. No. 2023-0563-LWW;

*Brian Tuttle v. Randy Buffington, et al.*
C.A. No. 2023-0559-LWW;

*Jordan Darga v. Hycroft Mining Holding Corporation, et al.*
C.A. No. 2023-0612-LWW

Dear Counsel, Mr. Tuttle, and Mr. Darga:

The above-referenced actions feature contract and declaratory judgment claims brought by warrant holders either on an individual or representative basis. Broadly speaking, the claims concern whether certain transactions should have resulted in mechanical adjustments to the warrants in accordance with a warrant agreement. I previously coordinated the actions and permitted the defendants to

raise threshold arguments under Rules 23 and 23.1 before taking up the merits. These arguments concern whether the pro se plaintiffs can press class or derivative claims and whether the only represented plaintiff can maintain both an individual and a class action.

As discussed below, the represented plaintiff is an inadequate class representative if he opts to pursue his related individual claims. The pro se plaintiffs cannot advance class claims but may press their individual claims. And the pro se plaintiff who purports to bring derivative claims must retain counsel or those claims will be dismissed.

## I.    RELEVANT BACKGROUND

Plaintiff Travus Pope brought two related lawsuits in this court. His first-filed complaint, as amended on February 15, 2023, asserts individual claims against Hycroft Mining Holding Corporation for breach of contract and declaratory judgment related to Hycroft warrants.[1] His second-filed action, dated May 26, 2023, brings putative class action claims on behalf of all Hycroft warrant holders against Hycroft and Mudrick Capital Management, L.P.[2] This class action advances the same claims as those brought individually plus a tortious interference claim. Pope

---

[1] Compl., C.A. No. 2022-0957-LWW (Dkt. 18) ("Pope Individual Compl.") ¶¶ 94-107.

[2] Compl., C.A. No. 2023-0563-LWW (Dkt. 1) ("Pope Class Compl.") ¶¶ 164-88.

was proceeding pro se until March 21, 2024 when counsel entered an appearance on his behalf.[3]

On May 25, 2023, plaintiff Brian Tuttle filed pro se individual and putative class claims on behalf of similarly situated holders of Hycroft warrants and/or stock.[4] He also purports to bring derivative claims on behalf of Hycroft. He names Hycroft, certain former Hycroft officers, and Mudrick as defendants. In addition to breach of contract and declaratory judgment claims similar to Pope's, Tuttle raises breach of fiduciary duty and aiding and abetting claims.[5]

Finally, plaintiff Jordan Darga filed a pro se individual action on June 13, 2023.[6] He too raises breach of contract and declaratory judgment claims regarding the warrant agreement. He also brings a claim for equitable fraud against Hycroft and two of its former officers.

The defendants who were served with these complaints moved for consolidation. Although I declined to formally consolidate the cases because individual claims were raised, I coordinated them for efficiency's sake. I set a

---

[3] *See* C.A. No. 2022-0957-LWW (Dkt. 48); C.A. No. 2023-0563-LWW (Dkt. 40).

[4] Compl., C.A. No. 2023-0559-LWW (Dkt. 1) ("Tuttle Compl.").

[5] *See id.* ¶¶ 58-90.

[6] Compl., C.A. No. 2023-0612-LWW (Dkt. 3) ("Darga Compl.").

briefing schedule on the motions to dismiss and allowed the defendants to present arguments on certain issues before resolving the merits. Those issues are addressed below.

## II. ANALYSIS

The defendants' motion concerns Pope's dual actions, the pro se plaintiffs' class claims, and Tuttle's derivative claims. The defendants argue that Pope's class action must be dismissed because his individual action creates an inherent conflict. They also argue that the pro se plaintiffs are inadequate class representatives and that Tuttle's pro se derivative claims cannot proceed.

The motion is granted in part. Pope cannot serve as a class representative while maintaining his individual action. The pro se plaintiffs cannot advance class claims or seek class-wide relief. And Tuttle must either obtain counsel or his derivative claims will be dismissed. The plaintiffs' individual claims, however, may remain.

### A. Pope's Actions

Court of Chancery Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: . . . (4) the

representative parties will fairly and adequately protect the interests of the class."[7]

Rule 23(a)(4) ensures that "representative parties can be counted upon to faithfully defend the interests of all the members of the class."[8] This adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent."[9] An adequate class representative is one who lacks "interests antagonistic to those of the class."[10]

Pope has brought two suits in this court arising under the same facts—one an individual action and the other a putative class action.[11] His complaints name overlapping defendants and include largely the same claims.[12] His interest in prosecuting his individual action is more direct and personal than his interest in pursuing claims on behalf of a putative warrant holder class. As such, there is a

---

[7] Ct. Ch. R. 23(a)(4).

[8] *Van de Walle v. Unimation, Inc.*, 1983 WL 8949, at *4 (Del. Ch. Dec. 6, 1983).

[9] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594-95 (1997) (citation omitted); *see In re Suboxone Antitrust Litig.*, 967 F.3d 264, 272 (3d Cir. 2020) ("For a class representative to be adequate, it must . . . have no conflict of interest with class counsel . . . and members of the class") (citation omitted); *see also Leon N. Weiner & Assocs., Inc. v. Krapf*, 584 A.2d 1220, 1223-24 (Del. 1991) ("Federal law is instructive in applying Chancery Court Rule 23.").

[10] *Mentis v. Del. Am. Life Ins. Co.*, 2000 WL 973299, at *6 (Del. Super. May 30, 2000).

[11] *See* C.A. No. 2022-0957-LWW; C.A. No. 2023-0563-LWW.

[12] *See supra* notes 1-2 and accompanying text.

meaningful risk that Pope would favor his own interests over the collective interests of the class he hopes to represent.[13]

A risk of conflict also exists because Pope's individual action is brought only against Hycroft while his class action is against both Hycroft and Mudrick.[14]  He is financially incentivized to pursue a greater recovery in his individual action from Hycroft, which could come at the expense of the class's recovery.  If he were to settle with Hycroft in one case without adjudicating the propriety of Hycroft's mechanical adjustments to the warrants, the class could see challenges in recovering from Mudrick on those same adjustments.

---

[13] This potential for conflict is neither "speculative" nor "hypothetical."  *Pichardo v. Carmine's Broadway Feast, Inc.*, 2016 WL 5338511, at *5 (S.D.N.Y. Feb. 6, 2016) (concluding that a proposed class representative in a federal suit was adequate despite being a named plaintiff in three state court lawsuits because the potential for conflict was "speculative" and had yet to materialize).  Pope has already attempted to engage in settlement discussions on behalf of himself and certain undisclosed "clients." Transmittal Aff. of Stephen C. Norman in Supp. of Moving Defs.' Opening Br. in Supp. of Their Mot. to Dismiss Pro Se Class Action Compls., C.A. No. 2022-0957-LWW (Dkt. 47) Ex. 1. These overtures were made before the class action was filed.

[14] *Cf. In re Lloyd's Am. Tr. Fund Litig.*, 1998 WL 50211, at *10 (S.D.N.Y. Feb. 6, 1998) (concluding that a proposed class representative was adequate in a suit against one defendant where he also was involved in a separate, related individual action against a different defendant and there was no "present conflict" between the two suits).

Pope must decide whether to press his individual or class action. If he chooses the former, he will be an inadequate class representative.[15] If he chooses the latter, he must dismiss his individual action. To continue with both would be inconsistent with his obligations to the putative class.[16]

## B. Pro Se Class Claims

Courts have universally held that Rule 23(a)(4)'s adequacy requirement prevents pro se litigants from serving as class representatives.[17] "This is so because

---

[15] In that case, his putative class action could only proceed as to himself and would be consolidated with his individual action.

[16] *See, e.g.*, *Duffek v. iMedia Brands, Inc.*, 2022 WL 2384171, at *1-3 (D. Minn. July 1, 2022) (concluding that a plaintiff was an inadequate class representative under federal Rule 23(a)(4) due to "her simultaneous pursuit of class and individual claims"); *Levias v. Pac. Maritime Ass'n,* 2010 WL 358499, at *5-6 (W.D. Wash. Jan. 25, 2010) (holding that a plaintiff was an inadequate class representative due to his separate individual lawsuit and observing that "[t]he potential exists for a favorable settlement in the individual action that might undermine the loyalty of [the plaintiff] to the putative class"); *see also Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 678-79 (N.D. Ohio 1995) (finding that class counsel was inadequate due to potential conflicts involving parallel individual and class actions).

[17] *See* 1 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 3:79 (6th ed. 2023) ("[C]ourts uniformly reject motions for class certification filed by a *pro se* litigant."); *see also Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("[W]e do not question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives[.]"); *Alston v. State*, 2002 WL 184247, at *2-3 (Del. Super. Jan. 28, 2002) (holding on a motion to dismiss that a pro se plaintiff was an inadequate class representative); *Crichlow v. Del. Dep't of Corr.*, 2022 WL 17555558, at *3 (D. Del. Dec. 9, 2022) (denying a motion for class certification and explaining that "*pro se* litigants are generally not appropriate as class representatives" (quoting *Hagan*, 570 F.3d at 158-59)); *Nash v. Akinbayo*, 2019 WL 4393159, at *10 (D. Del. Sept. 13, 2019) ("[A]s a *pro se* plaintiff, he cannot adequately represent the interests of other class members[.]"); *Parker v. Deputy Bureau Chief Werdal Luryd*, 2016 WL 7007480, at *3 (D. Del. Nov. 28, 2016)

class counsel's ability to adequately protect the interests of the class depends in large part on counsel's competence, and a *pro se* plaintiff almost always lacks the requisite experience and knowledge of the law to be entrusted with the class's claims in addition to his own."[18] Practical considerations support this approach. "Attorneys' training, experience, and their 'ethical responsibilities and obligations' help ensure that a represented party's interests are not squandered."[19]

Courts have addressed this adequacy question in different procedural contexts.[20] Regardless, "it is prudent to raise, explore and resolve this issue as early

---

(observing that a pro se plaintiff "is unable to satisfy the adequacy of representation factor because he is without sufficient legal education"); *Ali v. Coupe*, 2016 WL 7107222, at *3 (D. Del. Dec. 5, 2016) ("Inasmuch as Ali proceeds *pro se*, the court finds that class certification is inappropriate.").

[18] Rubenstein, *supra* note 17 § 3:79.

[19] *Murray v. City of Phila.*, 901 F.3d 169, 170-72 (3d Cir. 2018) (dismissing the appeal of a pro se litigant purporting to act on behalf of a decedent's estate (quoting *Collingsgru v. Parma Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516 (2007))); *see also id.* ("Only attorneys may be sued for legal malpractice; a represented party could not seek recourse against a nonattorney for even the most egregious conduct."); *Collingsgru*, 161 F.3d at 232 ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule.").

[20] *See, e.g.*, *Alston*, 2002 WL 184247, at *2-3 ("The Court can, at any time, make the determination regarding class certification, preemptively, and the Court is required to do so in a prompt manner. The Court is not subject to any party making the motion. It can make the class certification decision on its discretion.").

in the litigation as possible."[21]  To wait could cause significant resources to be devoted to a matter only to have the class representative's inadequacy prevent or thwart any recovery.[22]

Here, Tuttle purports to bring claims on behalf of classes of Hycroft stock and warrant holders.[23]  As a pro se litigant, he is an inadequate class representative.[24] His class claims in Counts I, II, and III may only proceed insofar as they are brought on an individual basis.[25]

Darga is also a pro se litigant.  His complaint is styled as an individual action. At the same time, though, he admittedly seeks relief to compensate all warrant

---

[21] *Shapiro v. Nu-West*, 1998 WL 732891, at *3 (Del. Ch. Oct. 1, 1998) (addressing discovery into the adequacy of a proposed class representative).

[22] *Id.* ("[T]he class representative's inadequacy might be raised late in the litigation or as an objection to the fairness of a proposed settlement after significant time and resources have been devoted to the case and the class members have benefits at stake and the opportunities to obtain them delayed to their detriment.").

[23] Tuttle Compl. ¶¶ 50-55.  This also poses a problem for Tuttle's adequacy insofar as conflicting interests could arise between the two classes.  Warrant holders can bring contract claims; stockholders can also bring fiduciary duty claims.  Tuttle could not fairly navigate both sets of claims while representing two groups with misaligned interests.  A recovery by warrant holders could come at the expense of stockholders.

[24] *See supra* notes 17-19 and accompanying text.

[25] *See Alston*, 2002 WL 184247, at *3 (rejecting a pro se plaintiff's efforts to bring class claims and addressing only his individual claims on the merits).  If Pope opts to pursue his class claims, Tuttle would seemingly fall within the class of warrant holders Pope seeks to represent.

holders.[26]  For example, he asks that warrants be "temporarily restated in the brokerage accounts of the current warrant holders" and that the company be directed "to purchase all outstanding warrants for, at a minimum, $7.85 per warrant (approximately $100,000,000), as there are approximately 12.7 million warrants outstanding."[27]  He also requests the issuance of new warrants to all "original warrant holders" with another seven-year expiration date, after the company's reverse stock split, and under terms he describes—including a $0.01 strike price.[28]

Darga cannot pursue classwide relief.  To the extent that he attempts to do so, he is an inadequate class representative.[29]  If Darga desires to secure "relief to all those affected,"[30] he must take the proper procedural steps and file a class action. Though admirable, his desire to assist other warrant holders cannot convert an individual action into a representative one.  He may proceed on his current pleading

---

[26] *E.g.*, Darga Compl. ¶¶ 188(x), 222; Darga's Rule 23 Opp'n Br. (Dkt. 46) ("Darga Opp'n Br.") 4 (arguing that he seeks "injunctive relief" for himself that will provide "umbrella relief to all victims"), 5-50.

[27] Darga Compl. 86-87.

[28] *Id.* at 88-92.

[29] *See supra* notes 17-19 and accompanying text; *see also* Darga Compl. ¶ 25 ("The action contained herein, is the last and only hope of warrant holders to receive relief from Defendants' actions.").

[30] Darga Opp'n Br. 6.

insofar as he is pursuing an individual action and seeks a recovery solely for himself.[31]

### C.    Tuttle's Derivative Claims

Court of Chancery Rule 23.1(c)(2) states that a "derivative plaintiff must be represented by counsel."[32]  Under this role, pro se litigants cannot serve as plaintiffs in derivative actions.[33]  "[A]rtificial entities must be represented by counsel."[34]

Nevertheless, Tuttle asserts derivative claims on behalf of Hycroft against Mudrick and two individual defendants.[35]  These claims cannot proceed on a pro se

---

[31] Darga might also fall within the class of warrant holders Pope purports to represent on a classwide basis.

[32] Ct. Ch. R. 23.1(c).

[33] *See, e.g.*, *Tigani v. Director*, 2020 WL 5237278, at *2-5 (Del. Super. Sept. 2, 2020) (granting motion to dismiss derivative claims by a pro se plaintiff who was "barred from bringing [the] action" on behalf of an entity), *aff'd*, 253 A.3d 1049 (Del. 2021); *id.* at *4 ("It is well-established in Delaware that a plaintiff seeking to assert derivative claims must be represented by counsel."); *Kelly v. Fuqi Int'l, Inc.*, 2013 WL 135666, at *7  (Del. Ch. Jan. 2, 2013) ("A derivative action may not be brought pro se."); *Parfi Hldg. AB v. Mirror Image Internet, Inc*., 2006 WL 903578, at *2 n.4 (Del. Ch. Apr. 3, 2006) (noting that "a derivative plaintiff, who steps in the shoes of the corporation . . . must be represented by counsel").

[34] *Parfi*, 2006 WL 903578, at *2 n.4 (citation omitted).

[35] Tuttle Compl. ¶¶ 56-57, 70-77.

basis.[36]  Tuttle has 20 days to obtain counsel.  Should he fail to do so, the defendants

are asked to submit a proposed order providing for the dismissal of Counts IV and V.

## III.  CONCLUSION

Pope can choose to pursue either his individual or class action.  He must

inform the court of his choice by a letter filed on the docket within one week of this

letter opinion.

Neither Tuttle nor Darga (to the extent he seeks to do so) may pursue

classwide claims or relief.  Both are inadequate class representatives under Rule 23.

Insofar as they bring individual claims and seek individual relief, they may

proceed.[37]

---

[36] *See Kelly*, 2013 WL 135666, at *8 (dismissing pro se derivative claims under Rules 12(b) and 23.1).

[37] The defendants ask that I dismiss Tuttle, Pope, and Darga's representative complaints entirely.  *See* Defs.' Opening Br. 24.  Since these plaintiffs also purport to bring individual claims, I see no grounds for dismissal.  None of the authorities cited by the defendants support dismissal where class certification is unavailable.  Rather, the plaintiffs are routinely permitted to pursue individual claims. *E.g.*, *Parker*, 2016 WL 7007480, at *3 ("The proposed class action does not meet the threshold requirement that the representative party will fairly and adequately protect the interests of the class and, therefore, the purported class action lawsuit will not be permitted to proceed forward as such.  The Complaint will proceed solely on Parker's individual claims.").  Should Tuttle and/or Darga (and Pope, depending on which case he elects to pursue) opt to pursue their individual claims, I will next hear the defendants' merits-based dismissal arguments for those claims.

With regard to Tuttle's derivative claims, he must obtain counsel within 20 days. Otherwise, Counts IV and V will be dismissed under Rule 23.1.

The defendants are asked to prepare a form of order to implement this decision and circulate it to the plaintiffs for comment. An agreed-upon form of order must be filed within 10 days; alternatively, competing forms of order may be submitted. The parties are also directed to confer on a schedule to promptly present the defendants' merits-based dismissal arguments.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor